Good morning, your honors. I appreciate the chance to be here around your ceremony on behalf of my client, Cesareo Perez-Gomez. There are two general issues in the case. One has to go towards the sentencing reasonable, procedural reasonableness. The second issue, and frankly the probably more substantial issue, has to do with the court's jurisdiction to hear and supervise a police revocation. That issue itself has two specific issues, which arise from 3583I, which allows the district court to take jurisdiction or to extend its jurisdiction over a supervised police. If two things happen before the expiration of the supervised police, either a warrant or summonses has been issued on the basis of an allegation of supervised police. The second, and this is one that I'm going to spend a little bit more time and I'm going to start to talk on, is, and it's only so if it's for any reasonable, purely reasonably necessary for adjudication of measures arising before the court. That's the first issue that I would like to talk about. It's interesting because most of the cases on the issue, and certainly the cases that the government is focused on, deal with supervised proletees who are, for whatever reason, detained in state court. And the courts have held well, this court has held well beyond the supervised police period, and this court has held well. And it's not, it's not, it's burdensome to require the federal government to rent somebody out of state court, out of the state prison system, which I would agree is true. Why wasn't it reasonable to try the drug, or to deal with the drug case proceedings before he was sentenced on supervised release? The problem, as I see it, is that it's not necessarily dealing with the drug case before they dealt with the supervised police, but the manner in which the supervised release was transferred. The drug case, it wasn't reasonable. What was unreasonable was that the district court, there was a period of close to two months between the time that the transfer was signed by the Western District versus the District of Texas, before it was entered into, it was accepted, the jurisdiction was accepted by the District of Tucson or District of Arizona. And during that time, the supervised release expired. So when did it expire? It expired on December, on October 28th. With Warren, there was a smooth, it had no effect on the tournament because it wasn't signed in front of a potential officer. But other than that, I know that's one of your arguments, but separate from that? Separate from that. Since he was fast, assuming that Warren was good, we disagree with you on the first position. When was the supervised release expired? What should the district court do? The district court, first, there was a long period of time. There was, well, three weeks or so, but during the time, we're assured there'd be a plea over January 6th. And on the 6th of March, that was the 6th of April. Well, that was a mistake and the government's pleading. He was sentenced to a year and a half. He was sentenced and his disposition were both held in April. There was a misuse of an advocate and a murder mistake. And just a case of both were held at the same time. And that was in April of 2016. That's when the sentencing was, but he didn't plead guilty to the drug crime in January? He plead guilty, yes. That's what I'm saying. He was ultimately adjudicated guilty of both offenses in the January sentencing. The problem was that, I mean, I throw myself on the horse to the court for having filed it on such a late date, but I had explained that I was going to be in my reply brief, my reply brief. I discussed some statistics that I put together with respect to the provisional lease revocations to ask the court to take judicial notice of. Was there a penalty to take due to any argument that we could take judicial notice of a chart by a paralegal that an opposing counsel didn't have a chance to even respond to? No. I would more than agree with what the court, and I apologize on my end for misnomering, but what the court says, and what the rule says, the court can take judicial notice at any time. And the fact that the case that I cited, it was the same situation, where it was less than a week before we were logged in. The chart that's put together, we have no idea if it was put together accurately or whether the sample is representative. I don't see any argument that we could take judicial notice of what you asked us to do. It's a chart of all the cases, of all the substantive cases which I supervise, with these cases paired with separate proceedings from the trial. We don't know if that's representative, how long they take when it's not a separate proceeding, when it's done in the same proceeding. Just no idea. All I'm asking you to take judicial notice of is with respect to what happened with those cases that aren't still up to this case where there are separate proceedings. Okay, well, let's assume we're going to have a problem with judicial notice that's requested yesterday and see what you can argue about it. Okay, well, just to let you know, one of the issues has to do with length of time that it took for the district court 56 days to accept and transfer a jurisdiction. Why did that make any difference? Your client knew he'd been arrested, knew it was going to be a problem for supervised release, could have, in fact, turned down a plea and decided not to plea. It seems like your argument is he could have got it all in one deal, but he could ask for it all in one deal just within 50 days. The problem was, Your Honor, that he was indicted or he was arrested on October 4th on the substantive charge. It wasn't until December 23rd, two months later, after the defendant, through his attorney, had accepted the offer on the substantive case, which didn't say anything about a supervised release case. Did he not know about the warrant? He did not know about the warrant until he was served with the warrant on December 23rd. Why didn't he then? Didn't he in December say, I've decided not to plead guilty on supervised release? On January 6th, I remind you, December 23rd to January 6th is the holidays. They set up, he accepted the change of plea by filing notice of intent to change his plea on the substantive case on January 18th before the defendant or his lawyer knew that there was a supervised release case out there. It wasn't until December 23rd that he was served with the— Okay, so December he served. He now knows he has supervised release. Why didn't he? He hadn't entered the plea. He could still change it. It didn't happen until January. It didn't happen until two weeks later over the holiday period when I'm assuming— What's reasonable to infer happened was that the parties who got to the change of plea, they realized, oh, he's got this supervised release again. We haven't put together any kind of disposition agreement. Either that or the disposition agreement doesn't make sense because it should be an all-in-one deal. We can't go ahead with that. So why didn't they say that? I can't tell you why that wasn't said. The 56 days didn't prevent them from saying that at that point? The 56 days didn't. They were not aware until December 23rd of that, and I can't speak for what happened at the trial court, but I assume that it was only a few days before with the Christmas vacation, New Year's vacation, a few days before. You're almost out of time. I'll give you a minute for Rebecca if you want to save that. Thank you. Thank you. May it please the Court, Anne Demarais for the United States Law and the District of Arizona. The judgment of the revocation of the defendant's supervised release should be affirmed because the district court did have jurisdiction to revoke the supervised release. The district court issued a valid warrant prior to the expiration of the term, and the delay between the expiration of the term and the revocation was reasonably necessary, and it actually went quite fast in this case. The defendant then picked up new charges in Arizona, and the supervised release was transferred from Texas. The district court did not procedurally err also in the sentence of the supervised release. This court and party has held that what would be a guideline sentence ordinarily would be. It's a little explanation in this case. The defendant received a guideline sentence of a supervised release violation. However, the court ran half of it concurrent. And I would just briefly like to address, and the plea is not into evidence, but generally the parties were aware of this throughout the revocation that he was on supervised release. And at the time of the plea, the issue is sometimes jurisdictions transfer, sometimes they don't. And when they do transfer, we do take care of everything on January. If the court has no further questions, I don't have anything. Thank you, counsel. The final problem that I see, Your Honors, is that there was the time that it takes to transfer a case. All the other cases talk about transferring. It's burdensome to take somebody from another federal jurisdiction or another state jurisdiction and bring him back and bring him into the jurisdiction where the supervised release is pending. That was the case in Garrett. That was the case in the court of analyses of Otis. This case, all that required was the piece of paper to be signed and one of the important pieces of information that's on that chart, and I'm not going to get into the details, is that there was the time that it takes the courts to accept transfer of jurisdiction. Typically, it takes anywhere from 10, 16 days to 20 days, 30 days. This case, 30 days, is pushed out. Thank you, counsel. We have your argument. Thank you. Thanks, both sides. The case is submitted.
judges: Schroeder, Friedland, Whaley